# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SARAH M. STALVEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-206 (MTT) |
| WAL-MART STORES EAST, LP, a Delaware limited partnership, and ADA AYALA, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Sarah M. Stalvey's Motion to Remand (Doc. 7). The Plaintiff has moved this Court to remand the case to the State Court of Houston County, State of Georgia on the ground that the Defendants' Notice of Removal was not filed within thirty days after the receipt of the Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b). The Plaintiff has also requested that this Court order the Defendants to pay the Plaintiff's costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). This Order addresses only the Plaintiff's Motion to Remand; the request for attorney's fees will be addressed in a subsequent order. For the reasons expressed herein, the Plaintiff's Motion to Remand is **GRANTED**.

I.  **FACTS AND PROCEDURAL HISTORY**

On February 15, 2010, the Plaintiff, a Georgia resident, filed her personal injury complaint in the State Court of Bibb County against Defendants Wal-Mart Stores East,

LP, a Delaware limited partnership, and Aya Ayala, also a Georgia resident, alleging the Plaintiff slipped and fell inside Defendant Wal-Mart's store. The Defendants were served February 19, 2010. The above-referenced matter was then transferred to the State Court of Houston County on April, 12, 2010. The Plaintiff's response to the Defendants' First Interrogatories and Request for Production of Documents was served May 7, 2010, and the Defendants filed their Notice of Removal (Doc. 1) May 27, 2010.

The Defendants assert that, faced with an unspecified demand for damages in the Plaintiff's initial complaint, they timely and properly filed the Notice of Removal within thirty days of receiving the Plaintiff's response to the Defendants' First Interrogatories. The Defendants claim that, because the Plaintiff's complaint did not contain a calculated total of damages, the Defendants had no way of knowing, from the complaint, what the Plaintiff's alleged damages were. Thus, the Defendants assert it was not facially apparent from the complaint that the amount in controversy exceeded the jurisdictional requirement. Instead, the Defendants maintain that only after receipt of the Plaintiff's responses to discovery did they become aware of the value of the Plaintiff's claim. As a result, the Defendants contend that the removal clock did not begin running until May 7, 2010.

The Plaintiff argues that the Defendants were able to make a determination of federal jurisdiction based on the initial pleadings and, having submitted their Notice of Removal in excess of thirty days after receipt of the initial pleadings, the temporal requirements of 28 U.S.C. § 1446(b) have not been met. The Plaintiff's complaint contains an itemization of special damages, consisting of medical expenses the Plaintiff has incurred since sustaining her alleged injuries. The total of the itemized damages

listed in the complaint, though not actually totaled in the complaint, is over $80,000, well in excess of the jurisdictional requisite.  Although the Plaintiff does not make a specific demand for judgment, she does, in her prayer for relief, request that she be granted "special damages for medical expenses as set forth in her complaint, and further award for money damages for future medical expenses for the ordinary and necessary treatment of her injuries, pain and suffering and permanent disability caused by the Defendant."  In short, as a matter of undisputed fact, the Plaintiff's complaint placed in controversy an amount exceeding $75,000.

At issue is whether the thirty-day removal clock began to run on February 19, 2010, when the Defendants first received service of the Plaintiff's complaint, or on May 7, 2010, upon receipt of the Plaintiff's discovery responses.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending."  The defendant seeking removal must file the notice of removal within thirty days after the receipt of the initial complaint.  28 U.S.C. § 1446(b).  If the case stated by the initial complaint is not removable, however, the defendant may file "a notice of removal…within thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…." *Id*.

The Eleventh Circuit Court of Appeals has stated that "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Roe v. Michelin North America, Inc.*, 2010 WL 3033802 at *2 (11th Cir. 2010). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, *or readily deducible from them*, then the court has jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (emphasis added). Whether it is facially apparent from a complaint that the amount in controversy is met is for the Court to decide, and extensive Eleventh Circuit precedent instructs the district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe*, 2010 WL 3033802 at *2.

The Defendants cite to numerous cases, including several from this Court, holding that "mere conclusory allegations and speculation as to the presence of diversity jurisdiction are insufficient to remove a case to federal court." See *Harp v. Wal-Mart Stores, Inc.*, 7:07-CV-00042 (M.D. Ga. August 24, 2007) (Judge Lawson), citing *Lowery*, 483 F.3d at 1213-17. Although a correct statement of law, no case cited by the Defendants supports the argument that a complaint itemizing special damages in excess of $75,000 does not place in controversy an amount exceeding $75,000.

No discovery or speculation was necessary to determine the amount in controversy. Like the Plaintiff's complaint, the Plaintiff's responses to discovery, from which the Defendants claim it was first able to ascertain the amount in controversy, also contain an itemization of medical expenses and damages. Although the total amount of medical expenses differs slightly between the two documents, in both, the total is

greater than the $75,000 jurisdictional requirement.  In short, the amount in controversy has always exceeded $75,000.  Consequently, the Court struggles to uncover any substantial differences between the two documents that would allow the Defendants to ascertain the amount in controversy from the Plaintiff's discovery responses with any more certainty than they could from the Plaintiff's initial complaint.  Clearly, the case was removable upon receipt of the initial complaint.

## III.    Conclusion

Accordingly, on February 19, 2010, when the Defendants received service of the Plaintiff's Complaint, the Defendants had the requisite knowledge and ability to determine whether the amount in controversy and diversity requirements were met.[1]  As a result, the Defendants' Notice of Removal, filed on May 27, 2010, fails to meet the temporal requirements of 28 U.S.C. § 1446.  Therefore, the Plaintiff's Motion to Remand (Doc. 7) is **GRANTED.**

---

[1] In a telephone conference with the Court, counsel for the Defendants argued that additional discovery regarding the allegedly fraudulent joinder of Defendant Ayala was also necessary to determine whether the case was in fact removable and that it was only upon receipt of this discovery that the Defendants had sufficient knowledge to remove the case.  This argument is patently frivolous because (1) the Defendants' Notice of Removal states:  "From the allegations of Plaintiff's Complaint, it is clear Plaintiff has no factual basis to support her claim as to [Ayala];" and (2) the discovery responses provide no further information about any claims against Ayala.  Defendants' counsel raised this point to demonstrate a good faith belief on counsel's part that the case was not initially removable and therefore an award of attorney's fees would not be appropriate.  Because this argument is directly refuted by the Defendants' removal petition, it is an argument that weighs in favor of sanctions.

**SO ORDERED**, this the 2nd day of September, 2010.

                                              <u>S/ Marc T. Treadwell</u>
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT