**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| SARAH M. STALVEY, | ) |
|     Plaintiff, | ) |
| v. | )    CIVIL ACTION NO. 5:10-CV-206 (MTT) |
| WAL-MART STORES EAST, LP, a Delaware limited partnership, and ADA AYALA, | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Sara M. Stalvey's Motion to Remand (Doc. 7), in which the Plaintiff requested an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). This Court granted the Plaintiff's Motion to Remand in a previous order (Doc. 14) because of the Defendants' failure to meet the temporal requirements of 28 U.S.C. § 1446, but reserved ruling on the issue of attorney's fees.[1]

Pursuant to 28 U.S.C. § 1447(c), when remanding a case originally filed in state court, but removed to federal court by a party to the action, a district court is authorized to require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The decision whether to award costs and attorney's fees in the event of an erroneous removal is a matter entirely within the discretion of the

---

[1] It is well settled that "an award of attorney's fees is a collateral matter over which the district court retains jurisdiction even after being divested of jurisdiction." See *Cooter & Gell v. Hartmark Corp.*, 496 U.S. 384, 395 (1990).

court, and will not be disturbed absent a finding that the court abused that discretion. *Gray v. New York Life Ins.*, 906 F. Supp. 628, 631 (N.D. Ala. 1995).

"Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). A removal must be grounded in "some objectively reasonable basis when it occurs, not when a motion for attorney's fees is later filed." *Id*. "The decision as to whether to award fees under § 1447(c) turns primarily, if not solely, on the *merit* of the removal." *Gray*, 906 F. Supp. at 637 (emphasis in original). A showing of "bad faith" or improper purpose, such as to prolong or increase the costs of litigation, is not necessary to support an award under section 1447(c). *Id*. The Supreme Court recognized in *Martin* that, "[i]n applying the general rule of reasonableness, district courts retain discretion to consider whether unusual circumstances warrant a departure in a given case," but that a court's "reasons for departing … should be faithful to the purposes of awarding fees under § 1447(c)." *Martin*, 546 U.S. at 141 (internal quotation marks omitted).

Untimely removal is a basis for an award of attorney's fees. See *Knudsen v. Samuels*, 715 F. Supp. 1505, 1506-07 (D. Kans. 1989) (holding that an award of attorney's fees is appropriate where the initial pleadings, although questioned by a defendant, state an amount in controversy and the defendants were aware that complete diversity existed); see also *Liebig v. DeJoy*, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) (concluding that an award of attorney's fees was appropriate as a matter of fairness when the notice of removal was untimely and improper, even when the Defendant may have acted in good faith in effectuating removal).

Here, the Defendants' failed to remove the case within thirty days from when they could first ascertain it had become removable, as required by 28 U.S.C. § 1446. The Defendants claim that it was not facially apparent from the Plaintiff's complaint that the amount in controversy exceeded the jurisdictional requirement. Rather, the Defendants contend, only after receipt of the Plaintiff's responses to discovery did they become aware that the Plaintiff's claim placed in controversy an amount in excess of $75,000. The facts offer no support for this contention.

The Plaintiff's complaint contained an itemization of medical expenses the Plaintiff claimed to have incurred since sustaining her alleged injuries. The total of the itemized damages listed in the complaint, though not actually totaled in the complaint, is over $80,000, well in excess of the jurisdictional requisite. The complaint sought the recovery of these medical expenses, plus, of course, a further award of damages for future medical expenses, pain and suffering, or any other relief the Court deemed appropriate. Thus, as a matter of undisputed fact, the Plaintiff's complaint placed in controversy an amount exceeding $75,000. Even the most cursory reading of the complaint would have informed the Defendants that the complaint sought more than $75,000. No discovery or speculation was necessary to determine that the amount in controversy was satisfied. As a result, this Court held that the Defendants had the requisite knowledge and ability to determine whether the amount in controversy requirement was met upon receipt of the initial complaint, and thus, their Notice of Removal was untimely. The Defendants, therefore, did not have an objectively reasonable basis for seeking removal some three months after service of the complaint.

To compound matters for the Defendants, in a telephone conference with the Court on September 1, 2010, counsel for the Defendants argued that additional discovery regarding the allegedly fraudulent joinder of Defendant Ayala was also necessary to determine whether the case was in fact removable and that it was only upon receipt of this discovery that the Defendants had sufficient knowledge to remove the case. Generally, such an argument is suspect because defendants claiming fraudulent joinder will typically know at the outset whether they will, in fact, contend that a defendant was joined fraudulently. Here, this argument is patently frivolous because (1) the Defendants' Notice of Removal states: "From the allegations of Plaintiff's Complaint, it is clear Plaintiff has no factual basis to support her claim as to [Ayala];" and (2) the discovery responses provide no further information about any claims against Ayala. Defendants' counsel raised this point to demonstrate a good faith belief on counsel's part that the case was not initially removable and therefore an award of attorney's fees would not be appropriate. Because this argument is directly refuted by the Defendants' removal petition, it is, if anything, an additional argument favoring an award of attorney's fees.

For the reasons set forth above, the Court concludes that the Plaintiff is entitled to an award of attorney's fees and costs associated with the improper removal. However, because there is insufficient information before the Court to determine the appropriate amount of attorney's fees and costs to be awarded under 28 U.S.C. § 1447(c), the Court will retain jurisdiction for the limited purpose of determining the proper amount to be awarded. The Plaintiff is ordered to submit an affidavit in support

of its request for fees and costs, in compliance with Local Rule 54.1, detailing the amount to which she believes she is entitled.

**SO ORDERED**, this 29th day of September, 2010.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT