IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SARAH M. STALVEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-206 (MTT) |
| WAL-MART STORES EAST, LP, a Delaware limited partnership, and ADA AYALA, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Sarah M. Stalvey's Motion for Attorney's Fees (Doc. 16). This Court entered an Order (Doc. 14) September 2, 2010, remanding the case to state court, but reserved ruling on the Plaintiff's request for attorney's fees. In a subsequent Order (Doc. 15) dated September 29, 2010, the Court concluded that the Plaintiff was entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) and ordered the Plaintiff to supplement her request for fees and costs with an affidavit, in compliance with Rule 54.1, supporting the specific amount of attorney's fees the Plaintiff seeks, and to give the Defendants an opportunity to respond to the Plaintiff's request.

The Plaintiff filed her supplement in the form of a Motion for Attorney's Fees (Doc. 16), asking for $6,806.25 (24.75 hours x $275.00/hour). In support of the Motion, the Plaintiff submitted the affidavits of, Mr. J.A. Powell, Jr., her attorney in this matter, and Mr. Miguel A. Garcia, Jr., both of whom testified to the reasonableness of the

requested fees.  In the Defendants' Response to the Plaintiff's Motion for Attorney's Fees (Doc. 17), the Defendants dispute the amount of attorney's fees requested by the Plaintiff on grounds that (a) the 8.75 additional hours Plaintiff's counsel spent preparing the Motion for Attorney's Fees were unreasonable and/or unnecessary, and (b) the hourly rate of $275.00 per hour is both higher than the amount in the client contract and higher than the prevailing market rate.

The Court has already decided to award attorney's fees pursuant to 28 U.S.C. § 1447(c).  Consequently, the only question before the Court is how much in fees and expenses it should award.[1]

In the Eleventh Circuit, attorney's fees are calculated using the "lodestar" formula, in which the number of hours reasonably expended is multiplied by a reasonable hourly rate.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).  "A reasonably hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (quotation marks and citation omitted).  Regarding reasonable hours, the calculation should exclude those hours that are "excessive, redundant, or otherwise unnecessary."  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).  District courts have wide discretion in performing these calculations.  *Loranger*, 10 F.3d at 781.  Moreover, "[t]he court … is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning

---

[1] The Defendants also argue in their Response that the Plaintiff's alleged failure to adequately support her Motion for Attorney's Fees through an affidavit and other appropriate documentation should preclude an award of fees to the Plaintiff.  The Court finds this argument unpersuasive.

reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citation omitted).

*A. Reasonable Hourly Rate*

The first step in calculating attorney's fees is determining the appropriate hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). As noted above, a reasonable hourly rate is the prevailing market rate in the relevant legal community. *Loranger*, 10 F.3d at 781. "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id*.

Here, Plaintiff's counsel, Mr. Powell, requests an hourly rate of $275.00. In support of that rate, Mr. Powell has provided the Court with his own affidavit and the affidavit of Mr. Miguel Garcia, Jr., a local Macon, Georgia, attorney with approximately fifteen years of experience. In his affidavit, Mr. Powell, states that, as an attorney with approximately thirty years of experience, $275.00 per hour is reasonable and consistent with the current market rate in the Middle District of Georgia, which ranges from $250.00 to $350.00 per hour. In addition, Mr. Powell states that an hourly rate of $275.00 is less than the hourly rate of $300.00 he normally charges new clients to handle a commercial matter. Mr. Garcia's affidavit confirms that, although Mr. Garcia's base hourly rate is $300.00, the current market rate in the Middle District of Georgia ranges from $250.00 to $350.00 per hour. Mr. Garcia goes on to state that Mr. Powell is "an extremely competent and experienced trial attorney," and that $275.00 per hour is a proper and reasonable fee for his services.

In opposition, the Defendants contend that $275.00 per hour is unreasonably high in light of the client contract Mr. Powell entered into with the Plaintiff providing that the value of legal services will be the greater of either the time devoted to the claim at the hourly rate of $250.00 per hour, or the applicable percentage of the highest offer of settlement. Because there was no offer of settlement, the Defendants argue, "$250.00/hour is clearly what opposing counsel would charge his client in this case. Therefore, the contract provides evidence of opposing counsel's hourly rate and fees incurred in pursuing remand of this case." Mr. Powell claims that this amount "represents the agreed minimum value," and "it would be improper to use this value as the *sole* measure of the value" of his attorney's fee award.

Having considered all of the evidence, including the affidavits provided to the court, counsel's reputation and experience, and the result obtained, the Court concludes that $275.00 per hour is a reasonable rate for the services of Mr. Powell in this case.

### B. Hours Reasonably Expended

The parties also dispute the number of hours reasonably expended in obtaining a remand order. In calculating attorney's fees, district courts are afforded discretion to exclude "excessive or unnecessary work on given tasks." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

In the Plaintiff's Motion to Remand (Doc. 7), the Plaintiff requested attorney's fees in the amount of $4,400.00 for sixteen hours at the above-mentioned rate of $275.00/hour. As discussed above, the Court granted the Plaintiff's Motion to Remand and request for attorney's fees, but ordered the Plaintiff to submit to the Court the appropriate documentation, in compliance with Local Rule 54.1, to support the specific

amount of attorney's fees she sought.  In response, the Plaintiff submitted a Motion for Attorney's Fees in which she requested reimbursement for the original 16 hours spent on the Motion to Remand and an additional 8.75 hours for time incurred in filing the Motion for Attorney's Fees, for a total of 24.75 hours.

The Court is of the opinion that the additional 8.75 hours in attorney's fees requested by the Plaintiff in preparing and filing her Motion for Attorney's Fees were not reasonably necessary.[2]  The Court, by order dated September 29, 2010, had already awarded the Plaintiff attorney's fees.  All that was required of Plaintiff's counsel was to comply with Local Rule 54.1 and supply the Court with the documents it needed to make an assessment of the time expended.  Especially in light of the fact that only 16 hours were expended in resolving the underlying issue in this case, it was not reasonably necessary for Plaintiff's counsel to expend an additional 8.75 hours preparing a Motion for Attorney's Fees, and this time will not be included in the Court's final award.

For the above reasons, the Plaintiff's Motion for Attorney's Fees is **GRANTED IN PART.**  The Court awards the Plaintiff attorney's fees in the amount of $4,400.00.  The Defendants are ordered to pay the Plaintiff within thirty days of the filing of this Order.

**SO ORDERED,** this 10th day of February, 2011.

                                                        S/ Marc T. Treadwell
                                                       MARC T. TREADWELL, JUDGE
                                                       UNITED STATES DISTRICT COURT

---

[2] It is important to note that neither party submitted to the Court binding authority holding that an award of attorney's fees under 28 U.S.C. § 1447(c) includes time spent litigating the fee award.  Although the Court is aware of several opinions from district courts within the Eleventh Circuit that have allowed a recovery for such time, it is this Court's view that district courts have discretion to award fees for the time spent litigating fee requests under § 1447(c).  This Court, under the specific facts of this case, declines to do so.